**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DISTRICT**

| | |
|---|---|
| PURNELL R. WILLIAMS, III | * |
| Plaintiff, | * |
| v. | *   Civil Action No. AW-06-2053 |
| TOWN COUNCIL OF UPPER MARLBORO, *et al.*, | * |
| | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Purnell R. Williams, III ("Plaintiff" or "Williams") brings this employment discrimination action against Defendant Town Council of Upper Marlboro ("Defendant" or the "Town"). Currently pending before the Court is Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [15]. No response to this Motion has been filed. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, this Court will GRANT Defendant's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was hired as a Police Officer for the Town in July 2000. Plaintiff continued to work as a Police Officer for the Town until or about June 29, 2005, when he was terminated. On or about March 8, 2005, Plaintiff filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") charging the Town with racial discrimination. The EEOC issued a right to sue letter dated March 13, 2006. On or about June 9, 2006, Plaintiff filed a six-count Complaint,

in the Circuit Court for Prince George's County, Maryland, against the Town, the Town of Upper Marlboro Police Department (the "Police Department"), and Helen Ford ("Ford") alleging: (1) failure to promote based on race, in violation of Title VII (Count I); (2) inadequate compensation and failure to promote and harassment based on race, color, sex, and national origin, in violation of Unlawful Employment Practice: Md. Cod, Art. 48B, Human Relations Commission (Count II); (3) inadequate compensation and failure to promote and harassment based on race, color, sex, and national origin, in violation of Prince George's County Human Commission Act: Prince George's County Code Sec. 2-186(a)(3) (Count III); (4) discrimination based on race, in violation of Section 1981(Count IV); (5) failure to promote based on disability and refusal to provide a reasonable accommodation, in violation of the Rehabilitation Act of 1973 (Count V); and (6) discrimination due to physical impairment, in violation of the Americans with Disabilities Act of 1990 (Count VI).

On or about August 4, 2006, Defendants removed the case to this Court. On August 8, 2006, Defendants filed a Motion to Dismiss. On March 7, 2007, the Court issued an Order [12], granting Defendants' motion to dismiss, dismissing all six counts against Defendants Police Department and Ford, and dismissing Counts II, III, V, and VI against the Town, for failure to exhaust administrative remedies and bringing a claim outside the scope of the initial EEOC Charge. Furthermore, although the Court found that both Counts I and IV were vague, unclear, and outside of the scope of the initial EEOC Charge, the Court granted Plaintiff leave to amend its Complaint to fit the boundaries limited to the EEOC Charge.

On March 16, 2007, Plaintiffs timely filed an Amended Complaint alleging failure to promote Plaintiff to Chief of Police (Count I) and failing to adequately compensate and promote Plaintiff to position of Chief of Police (Count II), in violation of Title VII of the Civil Rights Act

of 1964, 42 U.S.C. §§ 2000e *et seq*. Currently pending is Defendant's motion to dismiss or, in the alternative, for summary judgment. Defendant's filed its motion on March 28, 2007. Plaintiff has not filed a response to Defendant's motion. The time for Plaintiff to file a response to Defendant's motion has passed. As such, the motion is ripe and the Court now issues this opinion.

## STANDARD OF REVIEW

*Motion to Dismiss*

A court should deny a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (*citing Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Therefore, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or if it alleges insufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

*Motion for Summary Judgment*

Where matters outside the pleadings are considered by the court, however, a defendant's motion to dismiss will be treated as one for summary judgment under Rule 56. *See* Fed.R.Civ.P. 12(b), (c). Under the Federal Rules of Civil Procedure, a party is entitled to summary judgment if it demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). In a motion for summary judgment, the moving party discharges its burden by showing an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325. When faced with a motion for summary judgment, Rule 56(e) requires the non-moving party "to go beyond the pleadings" and show the existence of a genuine issue for trial, by way of affidavits, deposition testimony, or answers to interrogatories. *Id.* at 324; *see also Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). While the evidence of the non-movant is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

**ANALYSIS**

Defendant asserts that Plaintiff's Amended Complaint should be dismissed because Plaintiff

ignored the Court's express instructions to confine any Amended Complaint to the particulars set forth in his administrative charge of discrimination, which was based solely on alleged racial discrimination. In the Charge, Plaintiff alleges that:

> I. I began my employment with the above-named employer [the Town of Upper Marlboro] on or about July 7, 2000. My position was that of a Police Officer/Corporal. During my employment I was subjected to disparate treatment because of my race, Black. In September 2004, the employer hired a Caucasian officer who was given a higher salary as compared to Black officers. In March 2005, I was given a written verbal counseling for not writing enough tickets. However, similarly situated Caucasian employees were not given this discipline. On or about June 29, 2005 I was terminated from my employment.
>
> II. I was told I was terminated because I could not return to work before the expiration of my FMLA leave period.
>
> III. I believe I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended, with regard to wage, discipline and discharge.

Upon review of the EEOC Charge, the Court finds that Plaintiff's EEOC Charge is devoid of any allegations of Plaintiff's promotion to Chief of Police. An individual cannot bring a private suit for discrimination under Title VII without first exhausting the administrative enforcement process available through the EEOC. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 508-09 (4th Cir. 2005) (citing 42 U.S.C. §2000e-5(b), (f)(1)). "[T]he factual allegations made in formal litigation must correspond to those set forth in the administrative charge." *Id.* at 509. Here, Plaintiff initially failed to allege a claim for failure to promote in his EEOC Charge. Therefore, he cannot now bring forth a claim for failure to promote. Accordingly, the Court will GRANT Defendant's motion to dismiss or, in the alternative, for summary judgment, as to Plaintiff's failure to promote claims.

Furthermore, Defendant requests that the Court dismiss Plaintiff's Amended Complaint

because the Town cannot be considered Plaintiff's "employer" under Title VII. Only "employers" may be liable for racial discrimination against employees in the workplace under Title VII. 42 U.S.C. § 2000e-2(a). Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person...." 42 U.S.C. § 2000e(b). The plaintiff must prove this numerical threshold as an element of his claim. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006).

Here, Plaintiff has not made any allegations claiming that the Town meets the definition of "employer" under Title VII. Defendant, on the other hand, avers that the Town does not meet this employee-numerosity requirement. The Court believes Defendant has provided a sufficient basis to establish that it cannot, under the purview of Title VII, be regarded as a "employer". Ford, the former President of the Board of Town Commissioners of Upper Marlboro, testified under oath that at no time during all relevant periods of time did the Town employ fifteen or more employees. (Ford Aff. ¶ 2, March 30, 2007). Therefore, as Plaintiff has been unable to make a showing that Defendant met this definition during the relevant times, the Town is not subject to Title VII liability. Accordingly, the Court GRANTS Defendant's motion to dismiss, and in the alternative, for summary judgment.

## CONCLUSION

For all of the aforementioned reasons, the Court will GRANT Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [14]. An Order consistent with this Memorandum Opinion will follow.

Date: <u>May 1, 2007</u>                                     <u>            /s/            </u>
                                                             Alexander Williams, Jr.
                                                             United States District Court Judge